. Index No. 4 CV 9413 (LTS) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES CABBLE,

Plaintiff,

-AGAINST-

LINDA ROLLIESON, NYREE SOTO, TAMESHA
DASENT a/k/a NORDA WILLIAMS, CHRISTINA
COLLAZO, MONIQUE RIDDOCK, LAUREN
THORPE, and THE CITY OF NEW YORK;

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF NEW YORK'S MOTION TO COMPEL

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: SHERYL A. BRUZZESE*
*Tel: (212) 788-0893*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY................................................................................................ 2

ARGUMENT

       POINT I

              THE EXECUTION OF A § 160.50 RELEASE PRIOR TO THE ANSWERING OF THE COMPLAINT DOES NOT CONSTITUTE DISCOVERY.............................................................................. 4

       POINT II

              DEFENDANT CITY SHOULD NOT BE REQUIRED TO ENTER INTO A CONFIDENTIALITY AGREEMENT NOR SHOULD THE COURT PLACE ADDITIONAL RESTRICTIONS ON THE CITY'S USE OF DOCUMENTS OBTAINED PURSUANT to the § 160.50 RELEASE. ................................................ 6

              A.  Plaintiff Waived Any Privilege He May Have Held Under § 160.50 of New York's Criminal Procedure Law. ................................................................ 6

              B.  Plaintiff Should not Be Permitted to Use § 160.50 as a Sword.............................................................. 9

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Pages**

Abrams v. Skolnick,
    185 A.D.2d 407 (N.Y. App. Div. 1992) ...................................................................8

Bryant v. The City of New York,
    98-CV-11237, 2000 U.S. Dist. LEXIS 18548 (Dec. 26, 2000) ..............................7

Dinler v. City,
    04-CV-7921 (DAB) ..............................................................................................5

Edwards v. City of New York,
    03-CV-2972 (ARR) ..............................................................................................6

Fountain v. City of New York,
    03 Civ. 4526 (RWS), 03 Civ. 4915 (RWS), 03 Civ. 7790 (RWS), 03 Civ. 8445
    (RWS), 03 Civ. 9188 (RWS), 03 Civ. 9191 (RWS), 04 Civ. 665 (RWS), 04 Civ. 1145
    (RWS), 04 Civ. 1371 (RWS), 04 Civ. 2713 (RWS); 2004 U.S. Dist. LEXIS 12278 at
    *5-6 (S.D.N.Y. June 30, 2004) .............................................................................7

Gebbie v. Gertz Division of Allied Stores, Inc.,
    463 N.Y.S.2d 482 (App. Div. 1983) ..................................................................10

Green v. Montgomery,
    43 F. Supp. 2d 239 (E.D.N.Y. 1999) ...................................................................5

Green v. Montgomery,
    95 N.Y.2d 693, 723 N.Y.S.2d 744 (2001) ...........................................................9

Green v. Montgomery,
    219 F.3d 52 (2d Cir. 2000)....................................................................................9

Green v. Montgomery,
    245 F.3d 142 (2d  Cir. 2001)............................................................................9-10

Holness v. City,
    03-CV-5598 (NG) (MDG)....................................................................................6

Kalogris v. Roberts,
    586 N.Y.S.2d 806 (App. Div. 1992) ................................................................7-8

Medina v. City,
    02-CV-5598 (ILG) (RML)....................................................................................6

**Cases**                                                                                                                    **Pages**

People v. Cruz,
    2004 NY Slip Op 50004U at 3-6 (N.Y. Sup. Ct. January 5, 2004) ...........................................7

Perez v. City of New York,
    2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003)............................................................5

Phillips v. Eppolito,
    02-CV-5662 (DLC) (RLE) ...............................................................................................6

Schiller et al. v. City,
    04-CV-7922 (KMK) ........................................................................................................5

Stills v. New York City Health and Hospitals Corp.,
    04-CV-8240 (AKH)........................................................................................................5

Taylor v. New York City Transit Authority,
    516 N.Y.S.2d 237 (App. Div. 1987).....................................................................................9


**Statutes**

42 U.S.C. § 1983...............................................................................................................1

New York Criminal Procedure Law § 160.50 .................................................................... passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

CHARLES CABBLE,

                                        Plaintiff,        04 CV 9413 (LTS) (FM)

                -AGAINST-

LINDA ROLLIESON, NYREE SOTO, TAMESHA
DASENT a/k/a NORDA WILLIAMS, CHRISTINA
COLLAZO, MONIQUE RIDDOCK, LAUREN THORPE,
and THE CITY OF NEW YORK;

                                        Defendants.
------------------------------------------------------------------------- x


## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL

### PRELIMINARY STATEMENT

Plaintiff Charles Cabble brings this action pursuant to 42 U.S.C. § 1983, alleging multiple violations of his civil rights by the civilian defendants Linda Rollieson, Nyree Soto, Tamesha Dasent, Norda Williams, Christina Collazo, Monique Riddock, and Lauren Thorpe (hereinafter civilian defendants) and the City of New York. (See generally First Amended Compl. annexed to the Declaration of Sheryl Bruzzese as Exhibit "A."). The civilian defendants are currently represented by the law firm of Storch Amini & Munves, P.C. (Hereinafter the "Storch firm"). However, plaintiff has moved separately to disqualify the law firm of Storch Amini & Munves, P.C.

Pursuant to the directive of Judge Maas at the March 3, 2005 conference, the City of New York is now moving to compel the production of a release which would enable it to

obtain the criminal court file, police paperwork, and District Attorney's file as well as any other documentation that may be sealed pursuant to § 160.50 of New York's Criminal Procedure Law.

## PROCEDURAL HISTORY

Plaintiff filed the instant action nearly four months ago, on or about November 30, 2004. (See Complaint annexed to the Declaration of Sheryl Bruzzese as Exhibit "A.") In the initial complaint, plaintiff alleges that he was falsely arrested and imprisoned on March 15, 2003 and April 1, 2003 as the result of allegations made by defendants Soto and Dassent. (Compl. at ¶ 15). Plaintiff further alleges that all defendants conspired with Soto and Dasent in an effort to maliciously prosecute him. (Id.) Specifically, plaintiff contends that the individual defendants falsely reported that plaintiff "engaged in conduct constituting rape, sexual abuse, sexual misconduct, [and] assault and harassment." (Id.). Plaintiff further alleges that, as a result of the allegedly "perjurious, malicious, and unlawful testimony" of the individual defendants, he was indicted by a Bronx grand jury on multiple counts of: (1) Sexual Abuse in the First Degree; (2) Forcible Touching; (3) Attempted Rape in the First Degree; (4) Rape in the First Degree; and (5) Rape in the Third Degree. (Compl. at ¶ 20). Plaintiff claims that he was acquitted of all charges on March 12, 2004. (Compl. at ¶ 45).

In his original complaint, plaintiff sets forth, inter alia, allegations of false arrest, false imprisonment, abuse of process, malicious prosecution, conspiracy, and negligence against all defendants. He also sets forth allegations of defamation as against the individual defendants. (Compl. at ¶¶80-93)

Upon being served with the complaint, all defendants requested a sixty-day extension of time to respond to the complaint. Because plaintiff alleged that he was acquitted of all charges, City defendants immediately forwarded plaintiff a release authorizing the Corporation Counsel's Office to obtain records that may be sealed pursuant to § 160.50 of New

York's Criminal Procedure Law. (A copy of the releases forwarded to plaintiff are annexed hereto as Exhibits "C" and "D."). Upon information and belief, the Storch firm forwarded plaintiff the same release. Despite two requests, plaintiff's counsel has not provided defendants with the requested release. Plaintiff's firm instead indicated that they would only provide a release if we agreed to sign a confidentiality stipulation agreeing not to disclose any documentation to the Storch firm because plaintiff was moving to disqualify them as counsel. The City will not agree to enter into any such stipulation.[1]

On February 11, 2005, the City was served with plaintiff's First Amended Complaint. The First Amended Complaint contains basically the same factual allegations. (Compare Exhibit "A" with Exhibit "B.").

At the last conference held on March 3, 2005, plaintiff's counsel argued that the 160.50 release is "discovery" that defendants are not entitled to prior to answering the complaint. At the same conference, the Court also raised the issue of whether the City should be required not to disclose any documentation obtained by the 160.50 release to co-defendants or their counsel until the disqualification motion is decided. Pursuant to Your Honor's directive to brief these two issues, the City of New York is now moving to compel the production of § 160.50 release prior to the answering of the complaint. Defendant City submits that this release is not discovery and is necessary to enable it to adequately respond to the complaint. Defendant City further submits that it is entitled to this release and should not be required to enter into any

---

[1] In light of the number of false arrest cases that our division alone deals with, City Defendants will not agree to any confidentiality stipulation concerning the execution of a § 160.50 release. As indicated at the last conference, the City would agree to stay the signing of the 160.50 release until the disqualification motion has been decided as long as the City would be afforded sixty days from the date we are provided with the § 160.50 release to respond to the complaint.

confidentiality agreement with respect to said release nor should the City be subjected to any conditions with regard to the production of such documentation to the co-defendants.

## ARGUMENT

### POINT I

#### THE EXECUTION OF A § 160.50 RELEASE PRIOR TO THE ANSWERING OF THE COMPLAINT DOES NOT CONSTITUTE DISCOVERY.

The execution of a release of records sealed pursuant to § 160.50 of New York's Criminal Procedure Law does not constitute discovery. First and foremost, the release is requested to enable defendants to respond to the complaint and is not a discovery demand. To the contrary, it is a tool that allows the Corporation Counsel to access files and relevant paperwork regarding a plaintiff's underlying arrest—an arrest which plaintiff put at issue by the filing of the complaint. In order for the Corporation Counsel to comply with Rule 11 of the Federal Rules of Civil Procedure, we need this unsealing release to investigate the allegations of the complaint and properly respond to the complaint. Obtaining these releases and an extension of time to investigate plaintiff's claims is routine and necessary in this type of litigation. This request is simply not a form of discovery, but our only means of accessing the relevant documents and conducting and investigation in accordance with Rule 11 of the Federal Rules of Civil Procedure.

The §160.50 releases sent to plaintiff simply request that plaintiff designate the Corporation Counsel of the City of New York as his agent to access the underlying sealed records as explicitly permitted under §160.50[1][d]. By refusing to execute the §160.50 releases or asking that conditions be placed upon any documents obtained is unnecessarily protracting this litigation. Counsel has failed to provide any substantive reason why his client is unable to

4

execute the releases and cannot articulate any basis upon which the named individuals (whether represented by the Storch firm or another attorney) should not also be entitled to these documents.    In filing the instant lawsuit plaintiff alleges that he was falsely arrested and maliciously prosecuted based on allegations made by the individual defendants. (See generally Compl.) Plaintiff also specifically indicates the counts upon which he was indicted. (Compl. at ¶ 45).    Because plaintiff placed his arrest and the allegations of the individual defendants squarely at issue, defendants are entitled to access all police records, criminal court records and District Attorney files in order to respond to the complaint and defend themselves in this action.

Courts routinely require civil rights plaintiffs to produce such releases in these circumstances.  See, e.g., Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003) (dismissing complaint when plaintiff failed to provide N.Y. CPL § 160.50 release necessary to answer the complaint); see also Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality).  The three judges in this District who have most recently addressed this issue are Judge Karas in Schiller et al. v. City, 04-CV-7922 (KMK); Judge Batts in Dinler v. City, 04-CV-7921 (DAB) and Judge Hellerstein in Stills v. New York City Health and Hospitals Corp., 04-CV-8240 (AKH).  (A Copy of Judge Batts' decision is annexed hereto as Exhibit "E;" a copy of Judge Karas' oral decision is annexed hereto as Exhibit "F;" and a copy of Judge Hellerstein's decision is annexed hereto as Exhibit "K") Both Judge Karas and Judge Batts agreed with defendants insofar as the § 160.50 release is not "discovery," but a tool which enables us to adequately respond to the complaint and required plaintiffs to execute this release in lieu of dismissal for failure to prosecute.  Judge Hellerstein also agreed that there was no need for the City to enter into a confidentiality agreement. (See Exhibit "K" ) Several other judges have agreed that a request of this type is not discovery and

5

judges have consistently granted our requests to compel such a release prior to answering the complaint. See, e.g. Holness v. City, 03-CV-5598 (NG) (MDG) (for the Court's convenience a copy of this order is annexed to the Declaration of Sheryl Bruzzese as Exhibit "G."); Medina v. City, 02-CV-5598 (ILG) (RML) (a copy of the endorsed order is annexed to the Declaration of Sheryl Bruzzese as Exhibit "H"); Edwards v. City of New York, 03-CV-2972 (ARR) (RML) (for the Court's convenience a copy of the docket sheet requiring that plaintiff execute a 160.50 release or risk dismissal of his case for failure to prosecute is annexed to the Declaration of Sheryl Bruzzese as Exhibit "I"); Phillips v. Eppolito, 02-CV-5662 (DLC) (RLE) (for the Court's convenience a copy of the docket sheet requiring that plaintiff execute a 160.50 release prior to defendant's answering of the complaint is annexed to the Declaration of Sheryl Bruzzese as Exhibit "J.")

For the reasons set forth above, the request for plaintiff to execute the requested release is not impermissible discovery, but a tool to obtain sealed documents necessary to investigate plaintiff's allegations and to respond to the complaint.

## POINT II

### DEFENDANT CITY SHOULD NOT BE REQUIRED TO ENTER INTO A CONFIDENTIALITY AGREEMENT NOR SHOULD THE COURT PLACE ADDITIONAL RESTRICTIONS ON THE CITY'S USE OF DOCUMENTS OBTAINED PURSUANT TO THE § 160.50 RELEASE.

A.    Plaintiff Waived Any Privilege He May Have Held Under § 160.50 of New York's Criminal Procedure Law.

Both the City of New York and the individual defendants are entitled to obtain New York City Police documents, documents from the Criminal court file, and any documents from the Bronx County District Attorney's Office due to the mere fact that plaintiff brought this complaint and made specific allegations against them. By bringing this action and alleging that

he was falsely arrested and imprisoned on March 15, 2003 and April 1, 2003 as the result of allegations made by defendants <u>Soto</u> and <u>Dassent</u>, he placed his arrest and the allegations made by defendants Soto and Dassent squarely at issue. (Compl. at ¶ 15). By placing his arrest and the allegations made by defendants Soto and Dassent at issue, he waives any privilege he may have held under New York Criminal Procedure Law § 160.50.

Indeed, the inherent purpose of CPL § 160.50 is to "insure that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation." <u>Fountain v. City of New York</u>, 03 Civ. 4526 (RWS), 03 Civ. 4915 (RWS), 03 Civ. 7790 (RWS), 03 Civ. 8445 (RWS), 03 Civ. 9188 (RWS), 03 Civ. 9191 (RWS), 04 Civ. 665 (RWS), 04 Civ. 1145 (RWS), 04 Civ. 1371 (RWS), 04 Civ. 2713 (RWS); 2004 U.S. Dist. LEXIS 12278 at *5-6 (S.D.N.Y. June 30, 2004) (Sweet, J.) (internal citations omitted). As recently recognized by the New York Supreme Court, the inherent purpose of these laws is to:

> lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused . . . As we have previously noted, a person's reputation and employment prospects may be adversely affected even from an unsuccessful criminal prosecution.

<u>People v. Cruz</u>, 2004 NY Slip Op 50004U at **3-6 (N.Y. Sup. Ct. January 5, 2004).

Thus, "CPL § 160.50 'creates a privilege to insure that one who is charged but not convicted of an offense suffers no stigma . . . . However, where an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived . . . .'" <u>Bryant v. The City of New York</u>, 98-CV-11237, 2000 U.S. Dist. LEXIS 18548 at *2 (Dec. 26, 2000) (Eaton, J.) (quoting <u>Kalogris v. Roberts</u>, 586 N.Y.S.2d 806,

807 (App. Div. 1992)).  As stated above, by bringing this lawsuit and placing his arrest and the

co-defendants allegations directly at issue, he effectively waived any privilege he may have once

had.  Abrams v. Skolnick, 185 A.D.2d 407 (N.Y. App. Div. 1992) (waiver of the privilege occurs

where the protected individual commenced a civil action or proceeding and, in doing so,

affirmatively placed in issue elements common to both the civil litigation and the prior criminal

action).

Here, plaintiff not only alleged that he was arrested because of false allegations

made by the individual defendants, he contends that the individual defendants falsely reported

that plaintiff "engaged in conduct constituting rape, sexual abuse, sexual misconduct, [and]

assault and harassment." (Compl. at ¶ 15 ).  Clearly, if plaintiff was afraid of any unfair stigma

associated with his arrest, he would not have included such specific details on the face of his

complaint.  In addition to these specific details, plaintiff states on the face of his complaint that

he was indicted by a grand jury.  (Compl. at ¶ 20).  Again, if plaintiff were truly concerned with

the potential stigma associated with the specific charges brought against him, he would have not

specified on the face of his complaint that he was indicted on multiple counts of: (1) Sexual

Abuse in the First Degree; (2) Forcible Touching; (3) Attempted Rape in the First Degree; (4)

Rape in the First Degree; and (5) Rape in the Third Degree.  (Compl. at ¶ 20).

Here, plaintiff not only placed his arrest and the allegations made by the co-

defendants at issue, his complaint details statements the individual defendants allegedly made to

various news networks.  Further, a search on the internet also revealed newspapers articles and

press conferences initiated by plaintiff's counsel after his acquittal.  Defendants submit that if

plaintiff were truly concerned about the adverse consequences of the criminal prosecution, his

reputation, and the adverse effect the release of this information may have on employment

prospects, he would not have included such details in his complaint or held a press conference after his acquittal.  Moreover, when plaintiff brought this lawsuit he made a conscious decision to name Linda Rollieson, Nyree Soto, Tamesha Dasent, Norda Williams, Christina Collazo, Monique Riddock, and Lauren Thorpe as defendants.  Whether he moves to disqualify the Storch firm or not, these individuals are certainly entitled to address plaintiff's allegations and review the currently sealed documentation.

In sum, plaintiff put his arrest and the allegations of the individual defendants at issue.  The City cannot respond to the complaint without the criminal records.  Defendants cannot access these records without the consents.  There is no authority for requiring confidentiality agreements to be executed in connection with the execution of these releases.  Plaintiff's counsel has already spoken to the press about his criminal case and waived any protection of § 160.50 by bringing this action.  The complaint and first amended complaint, which of course are publicly accessible, makes reference to plaintiffs' arrests, detentions, indictment, and specific allegations of the individual defendants.  Defendants should not have to waive their rights to be able to otherwise move under the Rules of Civil Procedure nor should they be denied the right to share and discuss the documentation in this case.

B.    Plaintiff Should not Be Permitted to Use § 160.50 as a Sword.

It is well-settled that the § 160.50 privilege is intended to protect the accused and may not be used as a sword to gain advantage in a civil action.  Taylor v. New York City Transit Authority, 516 N.Y.S.2d 237, 239 (App. Div. 1987) (N.Y. C.P.L. § 160.50 "is intended to protect an accused [and] may not be used by him as a sword to gain an advantage in a civil action); see also Green v. Montgomery, 219 F.3d 52, 56-58 (2d Cir. 2000); Green v. Montgomery, 95 N.Y.2d 693, 699-701, 723 N.Y.S.2d 744, 748-750 (2001); Green v. Montgomery, 245 F.3d 142, 143 (2d

Cir. 2001). As stated above, the City of New York and the individual defendants are all entitled to obtain the New York City Police documents, documents from the Criminal court file, and any documents from the Bronx County District Attorney's Office because plaintiff brought this action and made specific allegations against them. Because plaintiff's counsel now realizes that this may have been a mistake and may jeopardize his defense in a separate state action is something that plaintiff and his attorneys should have considered prior to bringing this action. By bringing this action and alleging that he was falsely arrested and imprisoned on March 15, 2003 and April 1, 2003 as the result of allegations made by defendants Soto and Dassent, he placed his arrest and the allegations made by defendants Soto and Dassent squarely at issue. (Compl. at ¶ 15). Because plaintiff is now alleging that all defendants conspired with Soto and Dasent in an effort to maliciously prosecute him, all defendants are certainly entitled to the New York City Police Department paperwork, court files, and District Attorney papers. (Compl. at ¶ 15).

By requiring the City to enter into a confidentiality agreement or restricting the City's use of any documents obtained pursuant to the § 160.50 release, defendants submit that this Court would, in effect, be permitting plaintiff's counsel to use §160.50 as a sword. See Gebbie v. Gertz Div. of Allied Stores, Inc., 463 N.Y.S.2d 482, 487 (App. Div. 1983) (recognizing that permitting a plaintiff to maintain his or her privilege under NYCPL § 160.50 while continuing the prosecution of a civil action would allow plaintiff to use it as a "sword rather than a shield" and thereby place the defendant in the civil suit in an "impossible, intolerable, unjust and nondefensible litigation posture."). The fact of the matter is that plaintiff is in no position to stop the co-defendants from sharing and discussing any other documents in this case and there is no reason that plaintiff should be permitted to restrict their use of

documents which may have once been protected by § 160.50 of New York's Criminal Procedure

Law.

## CONCLUSION

For the reasons set forth above, defendant City of New York requests that the

Court grant its motion to compel and further relief as this Court may deem just and proper.

Dated:      New York, New York
            March 18, 2005

<div style="margin-left:40%">

MICHAEL A. CARDOZO
Corporation Counsel of the
    City of New York
Attorney for Defendant City
100 Church Street, Room 3-188
New York, New York 10007
(212) 788-08~~~

By:_____
    Sheryl B~~~es~ (SB 5680)
    Assistant Corporation Counsel
    Special Federal Litigation Division

</div>

TO:

Michele Le Reux, Esq.
Douglas H. Wigdor (DW 9737)
Kenneth P. Thompson (KT 6026)
Scott Browning Gilly (SG 6861)
THOMPSON WIGDOR & GILLY LLP
*Attorneys for Plaintiff*


Steven G. Storch (SS 5241)
Lita Beth Wright (LW 5241)
Sangita A. Shah (SS 7815)
STORCH AMINI MUNVES P.C.
*Attorneys for Defendants Linda*
*Rollieson, Nyree Soto, Tamesha*
*Dasent, Christina Collazo,*
*Monique Riddock, and Lauren*
*Thorpe*

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 18548

Case 1:04-cv-09413-LTS-FM   Document 20   Filed 04/07/05   Page 16 of 29   Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **2000 US Dist LEXIS 18548**

*2000 U.S. Dist. LEXIS 18548, \**

TIMOTHY BRYANT, et al., Plaintiffs, - against - THE CITY OF NEW YORK, et al., Defendants.

99 Civ. 11237 (LMM) (DFE)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 18548

December 26, 2000, Decided
December 27, 2000, Filed

**DISPOSITION:** **[\*1]** Plaintiffs' request denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, who brought 42 U.S.C.S. § 1983 action for false arrest and unreasonable force, moved to compel defendant city to identify 107 persons who were arrested during demonstration.

**OVERVIEW:** Eight plaintiffs were arrested in the vicinity of a demonstration involving 5,000 people. Five plaintiffs were released seven hours later with no criminal complaint. The other three plaintiffs were detained for 12 hours before they won dismissals. More than a year later, plaintiffs brought action pursuant to 42 U.S.C.S. § 1983, alleging false arrest and unreasonable force. They named the city as one of the defendants. There were approximately 107 other persons arrested in the vicinity of the demonstration. Many of them either obtained release with no criminal complaint or obtained dismissal of a complaint. Plaintiffs moved to compel defendant to identify those 107 persons. The court found that it would be imposing an administrative burden on defendant if it were to compel defendant to identify those persons. Even if it were assumed that a few of the 107 had relevant information, plaintiffs did not show a pressing need for the testimony. The requested order also imposed a burden on the privacy interests of the 107 non-parties. These burdens far outweighed the likely benefit of such discovery, namely, the chance that the non-parties would have important, non-cumulative evidence.

**OUTCOME:** Plaintiffs' request to compel identification of 107 persons was denied, as the burdens imposed by the requested order far outweighed the likely benefit of such discovery.

**CORE TERMS:** arrested, arrest, arrestee, discovery, demonstration, convicted, corroborate, non-parties, vicinity, relevant information, proposed class, common law, certification, unprivileged, arresting, weighing, outweigh, training, lawsuit, scene, administrative burden, undisputed, contacted, detained, locate, wished

## LexisNexis(R) Headnotes ◆ Hide Headnotes

Criminal Law & Procedure > Accusatory Instruments > Dismissal 🔍
Criminal Law & Procedure > Evidence > Privileges > Waiver of Privilege 🔍
*HN1*⊥ See N.Y. Crim. Proc. Law § 160.50.

Civil Procedure > Disclosure & Discovery > Privileged Matters 🔍
*HN2*⊥ See Fed. R. Evid. 501.

Criminal Law & Procedure > Evidence > Privileges
*HN3*⊥ The privilege created by N.Y. Crim. Proc. Law § 160.50 does not arise from common law, and it must yield when outweighed by a federal interest in presenting relevant information to a trier of fact. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Undue Burden 🔍

*HN4*⬇️ Even if a plaintiff can show that the discovery he seeks is relevant and not privileged, the judge must still limit the discovery if it is determined that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(iii). This power, moreover, may be employed where the burden is not measured in the time or expense, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material.  More Like This Headnote

**COUNSEL:** For TIMOTHY BRYANT, MAURICE CASSIDY, JOSEPH DEFILIPPIS, JESSICA DYSON, LEONARD GAY, STEVEN STORY, ROBERT TAKACS, ULRIK TROJABORG, plaintiffs: Daniel L. Alterman, Alterman & Boop, P.C., New York, NY.

For RUDOLPH GIULIANI, HOWARD SAFIR, ALLAN HOEHL, defendants: Michael Oliver Hueston, Corporation Counsel of the City of NY, New York, NY.

**JUDGES:** DOUGLAS F. EATON, United States Magistrate Judge.

**OPINIONBY:** DOUGLAS F. EATON

**OPINION:** MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

I am responding to the December 19 joint letter from Mr. Reif and Mr. Houghton.

It appears to be undisputed that each of the eight plaintiffs was arrested on October 19, 1998 in the vicinity of a demonstration involving perhaps 5,000 people who marched from 59th Street to 25th Street. Five of the plaintiffs were released about seven hours later with no criminal complaint. The other three plaintiffs allege that they were detained for about twelve hours; in November 1998 two of them won dismissals, and at some point the remaining plaintiff agreed to an adjournment in contemplation of dismissal.

More than a year after the arrests, the plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging false arrest and unreasonable force. They did not sue any arresting officers, although three of the plaintiffs knew the name of their arresting officers. Instead, they sued the City, the Police Department, the Mayor, the Police Commissioner, the Police Chief, and one "John Doe" **[*2]** (described at P35 of the Amended Complaint as a police officer who "was responsible for the instruction, training, and supervision of officers and agents of Defendant NYPD in regards to the incidents as alleged herein"). It is not clear to me that any of the defendants were at the scene of the arrests.

It also appears to be undisputed that approximately 107 other persons were arrested in the vicinity of the demonstration, and that many of them either obtained release with no criminal complaint or obtained dismissal of a complaint. The plaintiffs ask me to compel the City to identify those 107 persons. The City responds that the police records and court records concerning "a number of" those 107 persons have been sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.50.

CPL § 160.50 *HN1*⬆️ "creates a privilege to insure that one who is charged but not convicted of an offense suffers no stigma . . . . However, where an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived . . . ." Kalogris v. Roberts, 185 A.D.2d 335, 586 N.Y.S.2d 806 (2d Dep't 1992).

The case at bar **[*3]** is brought under our federal-question jurisdiction, and in such cases Rule 501, Fed.R.Evid. provides that *HN2*⬆️ ". . . the privilege of a witness [or] person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *HN3*⬆️ The privilege created by CPL § 160.50 "does not arise from common law,"

and it "must yield when outweighed by a federal interest in presenting relevant information to a trier of fact." United States v. One Parcel of Property at 31-33 York St., 930 F.2d 139, 141 (2d Cir. 1991). In that case, the weighing of interests was quite easy, because the property owner's sons had three convictions, which lessened their interest in concealing the many other cases where they were arrested and yet obtained dismissals.

HN4 Even if the plaintiffs could show that the discovery they seek is relevant and not privileged, I must still limit the discovery if I determine that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, [*4] and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(iii), Fed.R.Civ.P. "This power, moreover, may be employed where the burden is not measured in the time or expense . . ., but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material." Johnson v. Nyack Hospital, 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (Kaplan, J.).

The plaintiffs assume that each of the 107 arrestees would be happy to be contacted by the plaintiffs' lawyers. But the City rightly points out that many of the arrestees might be upset, particularly if this information were to come to the attention of their family, friends, employers or co-workers. I think this would be true of those (if any) who were convicted, and true of many of those who were arrested but then released. If any of those 107 non-parties wished to sue on their own behalf, they would have sued in the two years since October 1998. If they wished to testify for the plaintiffs, then presumably some of them would have contacted the plaintiffs, or responded to advertisements or well-targeted notices (if indeed the plaintiffs have bothered to use any such methods). Also, [*5] it seems possible that some of the 107 were arrested for acts that were hostile to the demonstration.

I am not told the source for the City's statement that 107 other individuals were arrested in the vicinity of the demonstration. I am not told whether the plaintiffs have asked the City how many, if any, of the 107 were convicted of committing a crime on the day in question. As to any who were convicted, CPL § 160.50 would seem to be immaterial.

For the sake of argument, I shall assume that the identity of all 107 persons is unprivileged. If I were to compel the City to identify the 107 persons, I would be imposing an administrative burden on the City to locate this information. But the City has not spelled out how severe such a burden would be.

Assuming that the City could obtain the names and addresses of some or all of the 107 persons, an order compelling the City to give this information to plaintiffs' lawyers would be insensitive to the interests of the 107 persons (and to the risk of solicitation by plaintiffs' lawyers, see Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 n.12, 101 S. Ct. 2193, 2200 n.12, 68 L. Ed. 2d 693 (1981)).

If plaintiffs could justify the [*6] burden, I might write a letter to each of the 107, after hearing suggestions from the parties. In such a letter, I might say, "I am assigned to a civil lawsuit pending against the City of New York. The eight plaintiffs allege unlawful arrests and excessive force. They were arrested on the evening of October 19, 1998, in the vicinity of a demonstration moving down Fifth Avenue--Timothy Bryant and Jessica Dyson at 58th Street, Maurice Cassidy, Joseph DeFilippis and Steven Story at 56th Street, Robert Takacs and Ulrik Trojaborg at 54th Street, and Leonard Gay at 25th Street. If you were a witness to any of those eight arrests, and/or you wish to be involved in the lawsuit, please write to me."

It might also be possible to put the names and addresses of the 107 persons under some form of protective order, while still preserving the City's right to investigate any witnesses in preparation for cross-examination.

However, the plaintiffs have not shown that there is a sufficient reason to undertake such a project in the case at bar. They have not told me what efforts, if any, they have made to locate any of the 107. They have not given me a physical description of any of the arrestees who [*7] were detained with them in a particular van, bus, or cell. After the passage of two years, it seems unlikely that any of the 107 persons would remember any of the eight plaintiffs, let alone the details of the treatment received by any particular plaintiff.

Even if we were to make a large assumption that a few of the 107 might have some relevant information,

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 18548

Case 1:04-cv-09413-LTS-FM   Document 20   Filed 04/07/05   Page 19 of 29   Page 4 of 5

the plaintiffs have not shown a pressing need for testimony from such persons. I am not told what witnesses the plaintiffs already have. But my reading of the Amended Complaint suggests that Bryant and Dyson will corroborate each other, that Cassidy, DeFilippis and Story will corroborate each other, and that Takacs and Trojaborg will corroborate each other. The remaining plaintiff, Leonard Gay, was arrested much later than the other plaintiffs, and 1 1/2 miles farther downtown. It may be that he has no witness to corroborate any of his allegations, but he has not told me this.

The plaintiffs make three additional arguments for their requested order. First. They make the obvious point that each of the 107 persons has information concerning the circumstances of his or her own arrest and detention. The plaintiffs go on to assume **[*8]** that some of the 107 non-parties would elect to join this proposed class action. Rather vaguely, the plaintiffs argue that the addition of such persons could somehow correct deficiencies which otherwise might prevent the eight plaintiffs from obtaining class-action certification. Yet the plaintiffs offer no response to the citation of Universal Calvary Church v. City of New York, 177 F.R.D. 181 (S.D.N.Y. 1998), in which Judge Patterson ruled that a proposed class of 217 persons (who were all in the church when that incident occurred) was not so numerous as to justify a certification as a class action.

Second. The plaintiffs argue that testimony from additional arrestees would tend to prove that the arrests were made pursuant to a municipal policy, practice or custom. On this issue, the most pertinent evidence would concern what happened prior to October 19, 1998, and particularly what training was given by the officer described in P35 of the Amended Complaint. The plaintiffs have not told me what evidence they have on this issue, nor how it would be buttressed by testimony from additional persons arrested at the same time as the plaintiffs.

Third. The plaintiffs **[*9]** argue that testimony from additional arrestees "will also show how widespread was defendants' misconduct" and thus bear on whether plaintiffs are entitled to punitive damages. In the case at bar, however, the individual defendants are officials who apparently had no contact with any arrestee. They do not appear to include any of the officers who ordered arrests at the scene.

After weighing the factors set forth in Rule 26(b)(2)(iii), I find that the requested order would impose an administrative burden on the City, and (more importantly) a burden on the privacy interests of the 107 non-parties. I find that these burdens far outweigh the "likely benefit" of such discovery, namely, the chance that the non-parties would have important, non-cumulative evidence.

Accordingly, I deny the plaintiffs' request.

I direct Mr. Reif's office to notify Mr. Houghton about this Memorandum and Order by fax or telephone, as soon as practicable.

DOUGLAS F. EATON

United States Magistrate Judge

Dated: New York, New York

December 26, 2000

Service: **Get by LEXSEE®**
Citation: **2000 US Dist LEXIS 18548**
View: Full
Date/Time: Friday, March 18, 2005 - 6:44 PM EST

* Signal Legend:
⬤ - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available

- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Case 1:04-cv-09413-LTS-FM   Document 20   Filed 04/07/05   Page 21 of 29

Service: Get by LEXSEE®
Citation: 2004 US Dist LEXIS 12278

2004 U.S. Dist. LEXIS 12278, *

SUSAN FOUNTAIN, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. AMY HAUS, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. JACOB McKEAN, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. JESSICA SCHERER, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. DANIEL LANG, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. RALPH KLABER, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. CAREY LARSEN, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. SARAH KUNSTLER, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. NICHOLAS MERRILL, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants. ALEXANDRA LINADARKIS, Plaintiff, - against - THE CITY OF NEW YORK, et al., Defendants.

03 Civ. 4526 (RWS), 03 Civ. 4915 (RWS), 03 Civ. 7790 (RWS), 03 Civ. 8445 (RWS), 03 Civ. 9188 (RWS), 03 Civ. 9191 (RWS), 04 Civ. 665 (RWS), 04 Civ. 1145 (RWS), 04 Civ. 1371 (RWS), 04 Civ. 2713 (RWS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 12278

June 30, 2004, Decided
July 2, 2004, Filed

**SUBSEQUENT HISTORY:** Later proceeding at Haus v. City of New York, 2004 U.S. Dist. LEXIS 19121 (S.D.N.Y., Sept. 22, 2004)

**PRIOR HISTORY:** Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539 (S.D.N.Y., May 3, 2004)

**DISPOSITION:** Motion for reconsideration of order of May 3, 2004, granted in part and denied in part, and order clarified.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff arrestees sued defendants, the City of New York and various police officers. The court issued an opinion addressing several discovery disputes. Defendants moved for reconsideration and/or clarification of that opinion.

**OVERVIEW:** Defendants sought reconsideration and/or clarification of various discovery decisions by the court. The court granted in part and denied in part their motion. The court clarified that nothing in its prior opinion should be construed as requiring defendants to move in state court to unseal plaintiffs' criminal records if plaintiffs supplied releases for the unsealing of those records. Further, nothing in the prior opinion should be construed as foreclosing any objections to production of police officer disciplinary records on relevance grounds. Certain records were presumptively discoverable, regardless of the age, subject matter, or disposition of the underlying complaint. Defendants provided no controlling authority for reconsideration of their earlier request to extend to all plaintiffs the discovery restrictions of U.S. Dist. Ct., S.D.N.Y., Civ. R. 33.2, which applied only to pro se prisoners. Plaintiffs sought reconsideration or clarification of the court's decision regarding their requests for the names of the non-party arrestees. N.Y. Crim. Proc. Law § 160.50 protected that information from disclosure.

**OUTCOME:** The court granted in part and denied in part defendant's motion for reconsideration and/or clarification of the court's prior order.

**CORE TERMS:** reconsideration, arrestees, sealed, non-party, relevance, district attorney, clarification, presumptively, prosecutor, disclosure, contacted, discovery, civilians, privacy, sealing

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 12278

Case 1:04-cv-09413-LTS-FM    Document 20    Filed 04/07/05    Page 22 of 29    Page 2 of 5

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Civil Procedure > Discovery Methods > Requests for Production & Inspection 🔒
Constitutional Law > Civil Rights Enforcement > Civil Rights Generally 🔒
*HN1*⬇ Except for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to recollections as well as documents on prior complaints and police history. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Privileged Matters 🔒
Civil Procedure > Disclosure & Discovery > Relevance 🔒
*HN2*⬇ It is not necessary to assert a claim of privilege in order to object to production on relevance grounds. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Prisoners
Civil Procedure > Disclosure & Discovery
*HN3*⬇ The discovery restrictions of U.S. Dist. Ct., S.D.N.Y., Civ. R. 33.2 apply only to pro se prisoners. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend 🔒
*HN4*⬇ A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend 🔒
*HN5*⬇ In order to prevail on a motion for reconsideration, the proponent must show that the court overlooked or ignored critical facts or controlling law that required a different result. More Like This Headnote

Administrative Law > Governmental Information > Recordkeeping & Reporting Requirements 🔒
*HN6*⬇ N.Y. Crim. Proc. Law § 60.50(1)(c) provides, inter alia, that the following shall be sealed upon the notification of the termination of a criminal action in favor of such a person all official records and papers relating to the arrest or prosecution, including duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office. More Like This Headnote

Administrative Law > Governmental Information > Recordkeeping & Reporting Requirements 🔒
*HN7*⬇ The purpose of N.Y. Crim. Proc. Law § 160.50 is to insure that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. More Like This Headnote

Administrative Law > Governmental Information > Recordkeeping & Reporting Requirements 🔒
*HN8*⬇ N.Y. Crim. Proc. Law § 160.50 protects the privacy of persons who were arrested but not charged with any offense, as a criminal proceeding is considered to be terminated in favor of a person, and the records of such proceeding subject to sealing, where prior to the filing of an accusatory instrument in a local criminal court against such person, the prosecutor elects not to prosecute such person. § 160.50(3)(i). More Like This Headnote

**COUNSEL:** **[*1]** JAMES I. MEYERSON, ESQ., Attorney for Plaintiffs Susan Fountain and Jacob McKean, New York, NY.

MOORE & GOODMAN, Attorneys for Plaintiffs Amy Haus and Carey Larsen, New York, NY, By: JONATHAN C. MOORE, ESQ., WILLIAM M. GOODMAN, ESQ., DAVID MILTON, ESQ., Of Counsel.

JOEL BERGER, ESQ., Attorney for Plaintiffs Jessica Scherer, Nicholas Merrill and Alexandra Linadarkis, New York, NY.

ROSE M. WEBER, ESQ., Attorney for Plaintiffs Daniel Lang & Ralph Klaber, New York, NY.

EMERY CELLI CUTI BRICKERHOFF & ABADY, Attorneys for Plaintiff Sarah Kunstler, New York, NY, By: MATTHEW D. BRICKERHOFF, ESQ., Of Counsel.

HONORABLE MICHAEL A. CARDOZO, Attorneys for Defendants, New York, NY, By: CHRISTINE C. BURGESS, ESQ., JENNIFER ROSSAN, ESQ., PAMELA LYNAM MAHON, ESQ., JENNIFER A. VAZQUEZ, ESQ., DARA L. WEISS, ESQ., SUSAN P. SCHARFSTEIN, ESQ., Of Counsel.

**JUDGES:** ROBERT W. SWEET, U.S.D.J.

**OPINIONBY:** ROBERT W. SWEET

**OPINION:**

Sweet, D.J.,

Defendants the City of New York and various individual Police Officers have moved for reconsideration and/or clarification of the opinion issued by this Court on May 3, 2004, familiarity with which is presumed. See Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539, 2004 WL 941242 **[*2]** (S.D.N.Y. May 3, 2004) (the "Opinion"). The motion for reconsideration is granted in part and denied in part.

Nothing in the Opinion should be construed as requiring the defendants to move in state court to unseal the criminal records of the plaintiffs if the plaintiffs supply a § 160.50 release to the defendants for the unsealing of their records. The procedure outlined in the Opinion should only be used if a plaintiff or plaintiffs have refused to provide such a release. Alternately, defendants may make an application to have the Court direct a given plaintiff to provide a signed release.

Further, nothing in the Opinion should be construed as foreclosing any objections to production of police officer disciplinary records on relevance grounds. The Opinion stated that "where CCRB records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found too tenuous to allow discovery." Fountain, 2004 U.S. Dist. LEXIS 7539, 2004 WL 941242, at *2 (quoting Reyes v. City of New York, 2000 U.S. Dist. LEXIS 15078, 00 Civ. 2300, 2000 WL 1528239, at *1 (S.D.N.Y. Oct. 16, 2000)).

Both CCRB and IAB records are, however, presumptively discoverable, regardless of the age, subject **[*3]** matter, or disposition of the underlying complaint. See King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988) *HN1*(". . . except for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to recollections as well as documents on prior complaints and police history."). Before producing such records, the defendants may make a written motion objecting to the disclosure of specific records on the grounds that the law enforcement privilege or the official information privilege precludes disclosure, or that the records in question are not relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1). *HN2*It is not necessary to assert a claim of privilege in order to object to production on relevance grounds.

The defendants have provided no controlling authority for a reconsideration of the defendants' earlier request to extend *HN3*the discovery restrictions of Local Civil Rule 33.2, which applies only to pro se prisoners, to all plaintiffs. Accordingly, the request is denied. See Melnitzky v. Rose, 305 F. Supp. 2d 349, 350 (S.D.N.Y. 2004) **[*4]** *HN4*(a "motion for reconsideration is not an opportunity for the moving party to 'argue those issues already considered when a party does not like the way the original motion was resolved.'") (quoting Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.), 914 F. Supp. 997, 1001 (S.D.N.Y.1996)); Novomoskovsk Joint Stock Co. "AZOT v. Revson, 1999 U.S. Dist. LEXIS 15022, 95 Civ. 5399, 1999 WL 767325, at *1 (S.D.N.Y. Sept. 28, 1999) *HN5*("in order to prevail on a motion for reconsideration, the proponent must show that the Court overlooked or ignored critical facts or controlling law that required a different result.").

In their opposition papers, the plaintiffs have requested reconsideration or clarification of portions of the Opinion relating to the requests by plaintiffs for the names of the non-party arrestees. Although the Opinion refers to files in the custody of the district attorney, plaintiffs argue that the information they seek is exclusively in the possession of the New York City Police Department ("NYPD") and that it has not been

sealed pursuant to C.P.L. § 160.50. Defendants argue conversely that records maintained by the NYPD fall within the ambit of records sealed under the statute.

*HN6* The relevant [*5] subsection of § 160.50 provides, inter alia, that the following shall be sealed upon the notification of the termination of a criminal action in favor of such a person:

> all official records and papers ... relating to the arrest or prosecution, including duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office...

§ 160.50(1)(c). Plaintiffs argue that the NYPD form known as a UF-49, which typically, though not always, contains the names of persons arrested by the NYPD at a demonstration or similar public gathering, should not be considered an "official record or paper" and sealed pursuant to § 160.50. Plaintiffs provide no authority for this interpretation, which is contrary to the unambiguous language of the statute. Further, the sealing of such records is in accord with *HN7* the purpose of § 160.50, which is to "insure that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation." Matter of Hynes v. Karassik, 47 N.Y.2d 659, 662, 419 N.Y.S.2d 942, 393 N.E.2d 1015 (1979). n1 The UF-49, [*6] and other NYPD documents identifying the names of arrestees, are therefore deemed to fall within the official records and papers sealed pursuant to § 160.50.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 *HN8* Section 160.50 also protects the privacy of persons who were arrested but not charged with any offense, as a criminal proceeding is considered to be terminated in favor of a person, and the records of such proceeding subject to sealing, where "prior to the filing of an accusatory instrument in a local criminal court against such person, the prosecutor elects not to prosecute such person." § 160.50(3)(i); see also Doe v. District Attorney (In re Dillon), 166 Misc. 2d 188, 193, 632 N.Y.S.2d 414, 417 (N.Y. Sup. Ct. 1995) (discussing the legislative history of §§ 160.50(3)(i) and 3(j)). It is possible that in such a case, all or nearly all of the relevant documents would be in the sole possession of the police agency.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

At oral argument, plaintiffs argued that it would be unfair for the defendants to have access to the names of the co [*7] arrestees while plaintiffs were denied the same information. In recognition of this possibility, defendants are hereby ordered to disclose to the plaintiffs and to the Court any use they may make or have already made in this litigation of the information contained in the police, court, or district attorney records of the non-party arrestees that have been withheld from plaintiffs on the grounds that they are sealed pursuant to § 160.50.

If the plaintiffs believe that they will still be unfairly disadvantaged without the names of the non-party arrestees, they may propose a procedure by which the Court could determine whether any of the arrestees wish to be involved in this litigation. Such a procedure was suggested by Magistrate Judge Douglas F. Eaton in Bryant v. City of New York, 2000 U.S. Dist. LEXIS 18548, 99 Civ. 11237, 2000 WL 1877082, at *2-3 (S.D.N.Y. Dec. 27, 2000), although Magistrate Judge Eaton ultimately held that "plaintiffs have not shown a pressing need for testimony from such persons." 2000 U.S. Dist. LEXIS 18548, [WL] at *3; see also Daniels v. City of New York, 2001 U.S. Dist. LEXIS 2312, 99 Civ. 1695, 2001 WL 228091 (S.D.N.Y. Mar. 8, 2001) (Scheindlin, J.) (outlining procedure for civilians in police database [*8] to be contacted by magistrate judge and to have willing civilians contacted by plaintiffs' counsel). While there is a possibility that some of the non-party arrestees may have relevant information, plaintiffs have not yet shown that their need for the information outweighs "the administrative burden on the City, and (more importantly) [the] burden on the privacy interest of the . . . non-parties." Bryant, 2000 U.S. Dist. LEXIS 18548, 2000 WL 1877082, at *4.

**Conclusion**

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 12278    Page 5 of 5

Case 1:04-cv-09443-LTS-FM    Document 20    Filed 04/07/05    Page 25 of 29

For the reasons stated above, the motion for reconsideration is denied in part and granted in part.

It is so ordered.

**New York, NY**
**June 30, 2004**

**ROBERT W. SWEET**

**U.S.D.J.**

Service: **Get by LEXSEE®**
Citation: **2004 US Dist LEXIS 12278**
View: Full
Date/Time: Friday, March 18, 2005 - 6:45 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 7063    Page 1 of 4

Case 1:04-cv-09413-LTS-FM Document 20    Filed 04/07/05    Page 26 of 29

Service: **Get by LEXSEE®**
Citation: **2003 US Dist LEXIS 7063**

*2003 U.S. Dist. LEXIS 7063, \**

MELVIN PEREZ, Plaintiff, -against- CITY OF NEW YORK, et al., Defendants.

02 CV 3670 (WK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 7063

April 10, 2003, Decided

**DISPOSITION:** Defendants' motion to dismiss complaint granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff sued defendants for alleged violations of his rights under 42 U.S.C.S. § 1983, the Fourth Amendment, and the Fourteenth Amendment of the United States Constitution. Defendants moved to dismiss the suit pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**OVERVIEW:** Shortly after plaintiff filed the instant civil rights suit, defendants wrote his attorney asking that plaintiff execute a release for the unsealing of his criminal records. Despite repeated requests for the release, plaintiff did not respond. Defendants then wrote the court, requesting that it (1) issue an order compelling plaintiff to execute the unsealing release and (2) extend defendants' time to serve and file a response to the complaint until 30 days following its receipt of the release. Later, they moved for dismissal with prejudice pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41(b). Defendants sought dismissal with prejudice. Plaintiff's counsel, who declared that he had been unable to reach defendant declared that dismissal should be without prejudice. The court noted that, because it had not issued an order compelling discovery, it could not sanction plaintiff pursuant to that rule. The court could, however, sanction plaintiff based on recent conduct. Plaintiff had failed, for 10 months, to produce the release necessary for defendant to answer the complaint, and the court presumed that further delay would harm defendants.

**OUTCOME:** The court dismissed the complaint for failure to state a claim, but the court stayed the order for 30 days to permit plaintiff's counsel to attempt one more time to contact plaintiff.

**CORE TERMS:** failure to prosecute, requesting, notice, motion to dismiss, responded, locate, duty, Federal Rules of Civil Procedure, matter of law, unavailability, conditionally, prejudiced, unsealing, discovery, execute, weighs, oppose

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion 🔲
Civil Procedure > Dismissal of Actions > Involuntary Dismissal 🔲

*HN1* ↓ Under Fed. R. Civ. P. 41, a defendant may move for dismissal of an action for plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). It is well established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion. However, dismissal is a harsh remedy to be utilized only in extreme situations. Under Rule 41, five factors are used to determine whether dismissal is warranted: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser

sanctions.  More Like This Headnote

Civil Procedure > Dismissal of Actions > Involuntary Dismissal 🔲
HN2⬆ Regarding a motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b), prejudice resulting from unreasonable delay may be presumed as a matter of law.  More Like This Headnote

Civil Procedure > Dismissal of Actions > Involuntary Dismissal 🔲
HN3⬆ The United States Court of Appeals for the Second Circuit has stated that the primary rationale underlying dismissal under Fed. R. Civ. P. 41(b) is the failure of plaintiff in his duty to process his case diligently. A plaintiff's duty to pursue his case bears on both the question of fairness and the question of judicial resources.  More Like This Headnote

Civil Procedure > Counsel 🔲
HN4⬆ Under the United States' system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney.  More Like This Headnote

**COUNSEL:** **[*1]**  For Melvin Perez, PLAINTIFF: Thomas Sheehan, Cheda & Sheehan, Jackson Heights, NY USA.

**JUDGES:** WHITMAN KNAPP, SENIOR UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** WHITMAN KNAPP

**OPINION:** ORDER

**WHITMAN KNAPP, SENIOR UNITED STATES DISTRICT JUDGE**

Before us is Defendants' letter motion to dismiss Plaintiff's complaint with prejudice pursuant to Rules 41 and 37 of the Federal Rules of Civil Procedure for failure to prosecute or, in the alternative, for failure to cooperate with discovery. For the reasons that follow, that motion is GRANTED.

**PROCEDURAL HISTORY**

On approximately May 13, 2002, Plaintiff Melvin Perez ("Plaintiff" or "Perez") filed his complaint, alleging violations of his rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. On approximately May 31, 2002, Defendant City of New York ("Defendant" or "the City") wrote to Plaintiff's counsel requesting that Plaintiff execute a release for the unsealing of Plaintiff's criminal records, sealed pursuant to Criminal Procedure Law § 160.50. The City repeated its request on June 12, July 8, and July 19, 2002. The Plaintiff never responded. The City claims **[*2]** that these records are necessary for it to respond to the complaint and, moreover, that it cannot obtain the records without the release.

On August 29, 2002, the City wrote to this Court, requesting that we 1) issue an order compelling Plaintiff to execute the unsealing release and 2) extend the City's time to serve and file a response to the complaint until thirty days following its receipt of the release. On September 19, 2002, Plaintiff's counsel responded with his own letter to the Court, requesting thirty days to locate the Plaintiff and, if that failed, requesting that we dismiss the case without prejudice. On November 6, 2002, almost sixty days later, the City wrote to the Court requesting that we dismiss the case with prejudice pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. We construed this letter as a motion to dismiss and, in an Order issued on November 13, 2002, set forth a briefing schedule. Plaintiff's counsel responded by letter on November 18, 2002, in which he took the position that the case should only be conditionally dismissed without prejudice so that the case may be "restored" if the Plaintiff is located within the next six months.

**[*3] DISCUSSION**

Defendant moves to dismiss this action pursuant to Rules 37 n1 and 41 for failure to comply with the rules of discovery and failure to prosecute. For the following reasons, defendant's motion is granted and this case

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 7003

Case 1:04-cv-09413-LTS-FM   Document 20   Filed 04/07/05   Page 28 of 29   Page 3 of 4

is dismissed. Such dismissal will be stayed for a period of thirty days from the date of this Opinion to afford Plaintiff one final opportunity to cure his non-compliance.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Because we never issued a discovery order with which Plaintiff did not comply, we cannot now dismiss the case pursuant to Rule 37. FED. R. CIV. P. 37.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

1. Rule 41 Standard

HN1 Under Rule 41, a defendant may move for dismissal of an action for plaintiff's failure to prosecute. See FED.R.CIV.P. 41(b). It is well established that "a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion." Link v. Wabash Railroad Co. (1962) 370 U.S. 626, 632-33, 8 L. Ed. 2d 734, 82 S. Ct. 1386. However, "dismissal [*4] is a 'harsh remedy to be utilized only in extreme situations.'" Romandette v. Weetabix Co., Inc. (2d Cir. 1986) 807 F.2d 309, 312 (quoting Theilmann v. Rutland Hosp., Inc. (2d Cir. 1972) 455 F.2d 853, 855 (per curiam)). Under Rule 41, five factors are used to determine whether dismissal is warranted: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. Shannon v. General Elec. Co.(2d Cir. 1999) 186 F.3d 186, 193.

2. Application

Plaintiff has failed, for ten months, to produce the release necessary for Defendant to answer the complaint. While a delay of ten months may not be long when compared with delays in other cases, see, e.g., Dodson v. Runyon (S.D.N.Y. 1997) 957 F. Supp. 465 (plaintiff [*5] had failed to take any action for five years), we note that Plaintiff's failure in this case began within two weeks of the filing of the complaint and has delayed the filing of the answer--which should have occurred within the first month--by nine months.

Second, Plaintiff's letter response to Defendant's request for a release indicates that Plaintiff was not only on notice that dismissal would result from his continued failure to provide the necessary release, but that plaintiff's counsel would "agree to conditional dismissal without prejudice if the plaintiff cannot be located." (Letter from Sheehan to the Court of 9/19/02; see also Letter from Sheehan to the Court of 12/11/02.) These sentiments were reiterated in the one paragraph letter that defense counsel submitted to the Court in response to our Order, where plaintiff's counsel stated that it was his position that the case should only be conditionally dismissed and then explained the steps his office has taken to locate plaintiff. (Letter of Sheehan to the Court of 11/18/02.) This letter was never served upon Defendant, nor was Defendant even mailed a copy of same. (Letter of Graziadei to the Court of 12/11/02.) It is noteworthy [*6] that Plaintiff does not oppose dismissal, but rather opposes a dismissal with prejudice.

With regard to the third factor, we presume as a matter of law that Defendant will be prejudiced by further delay. See Peart v. City of New York (2d Cir. 1991) 992 F.2d 458, 462 HN2 ("prejudice resulting from unreasonable delay may be presumed as a matter of law.") As with all instances of delay, Plaintiff's delay here compromises Defendant's ability to defend the instant litigation. Further delay will simply further compromise Defendant's ability to mount a defense to Plaintiff's allegations. As with the first two factors, we find that this factor weighs in favor of granting defendant's motion to dismiss.

The fourth factor similarly weighs in favor of dismissal. HN3 The Second Circuit has stated that "the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." Levall Theatre Corp. v. Loews Corp. (2d Cir. 1982) 682 F.2d 37, 43. The plaintiff's duty to

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 7063    Page 29 of 29    Page 4 of 4

Case 1:04-cv-09413-LTS-FM    Document 20    Filed 04/07/05    Page 29 of 29

pursue his case bears on both the question of fairness and the question of judicial resources. See Chira v. Lockheed Aircraft Corp. (2d Cir. 1980) 634 F.2d 664, 668 [*7] (the plaintiff's duty is designed to achieve "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources...). Plaintiff was on notice, n2 beginning in September 2002, that further inaction could result in dismissal. At that time, his attorney requested that dismissal not occur for an additional thirty days while plaintiff's counsel attempted to locate his client. (Letter from Sheehan to the Court of 9/19/02.) While plaintiff's counsel alleges he has tried to contact his client, he has nonetheless failed to do so, rendering it impossible for the case to be pursued. Any claim that Plaintiff's due process rights were violated cannot prevail. The delay and resultant dismissal of his case were purely of his own making, a result of his unavailability not only to the court but also to his very own attorney. Similarly, we can conceive of no lesser sanction that could be effective here, given Plaintiff's unavailability.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 HN4 "Under our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney.'" Irwin v. Department of Veterans Affairs (1990) 498 U.S. 89, 92, 112 L. Ed. 2d 435, 111 S. Ct. 453 (quoting Link v. Wabash R.R. Co. (1962)) 370 U.S. 626, 634, 8 L. Ed. 2d 734, 82 S. Ct. 1386.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*8]

**CONCLUSION**

For the reasons set forth above, defendant's motion is GRANTED. The plaintiff's action is hereby dismissed without prejudice for failure to prosecute.

**SO ORDERED.**

Dated: April 10, 2003

New York, New York

WHITMAN KNAPP, SENIOR U.S.D.J.

Service: **Get by LEXSEE®**
Citation: **2003 US Dist LEXIS 7063**
View: **Full**
Date/Time: **Friday, March 18, 2005 - 6:45 PM EST**

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.