UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES CABBLE,

        Plaintiff,

   -v-                                No. 04 CV 9413 (LTS)

CITY OF NEW YORK,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

In this action brought against the City of New York ("Defendant"),[1] Plaintiff

Charles Cabble ("Plaintiff"), in his Amended Complaint, raises claims under 42 U.S.C. §§ 1983,

1985, 1986, asserting that Defendant violated his rights under the Fourth, Fifth, Eighth, and

Fourteenth Amendments to the Constitution of the United States, as well as New York state law

tort claims.  The court has jurisdiction of Plaintiff's federal claims under 28 U.S.C. §§ 1331 and

1343 and supplemental jurisdiction of his state law claims under 28 U.S.C. § 1367.

Defendant moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure

for judgment on the pleadings dismissing Plaintiff's Amended Complaint in its entirety.

Defendant proffers evidence and documents in support of its motion, arguing that those materials

are properly considered on a Rule 12(c) motion because they are incorporated by reference into

the Amended Complaint, constitute matters of public record, and/or are documents upon which

---

[1]    The action was dismissed, by stipulation, as against several individuals who were
also named as defendants in the complaint.  See Docket Entry No. 77.

Plaintiff relied in framing his complaint.  The Court did not find it necessary to consider these additional documents in determining the issues raised in this motion practice.  The Court has thoroughly considered all of the parties' submissions.  For the following reasons, Defendant's motion is granted.  Plaintiff's request for leave to further amend the complaint is also granted.

BACKGROUND

The following facts, alleged in Plaintiff's Amended Complaint, are taken as true for the purposes of the instant motion.  On March 15, 2003, a woman falsely reported to the New York Police Department ("NYPD") that Plaintiff had engaged in conduct constituting rape, sexual abuse, sexual misconduct, assault and harassment of her on or about March 1, 2003.  (Am. Compl. ¶ 16.)  The police arrested and detained the plaintiff on March 15, 2003.[2]  (Id. ¶ 15.) Shortly thereafter, on April 1, 2003, a second woman falsely reported to the NYPD that the Plaintiff had engaged in conduct constituting attempted rape, attempted sodomy, forcible touching, unlawful imprisonment, sexual abuse and harassment on or about August 26, 2002, October 12, 2002, and December 25, 2002.  (Id. ¶ 17.)  Following this second report, Plaintiff was again arrested by police on April 1, 2003, and incarcerated at the Rikers Island Correctional Facility, where he would remain until he was released on his own recognizance on November 10, 2003.  (Id. ¶¶ 17, 21.)

Additionally, each woman made false statements to employees of the Bronx District Attorney's Office, resulting in the prosecution of Plaintiff.  Each further gave false

---

[2]     Although the Amended Complaint does not state if and when Plaintiff was released from custody, the court assumes that he was released shortly after this initial arrest because he alleges that he was re-arrested 17 days later.

testimony before a Grand Jury, resulting in the indictment of Plaintiff on multiple counts of

violating New York Penal Law § 130.65 (Sexual Abuse First Degree), § 130.52 (Forcible

Touching), § 110/130.35 (Attempted Rape First Degree), § 130.35 (Rape First Degree), and §

130.25 (Rape Third Degree).  (Id. ¶¶ 19-20.)  Plaintiff was ultimately tried before Justice Steven

Barrett in the Bronx Supreme Court from March 1-10, 2004.  (Id. ¶ 43.)  During the course of the

trial, 10 of the 25 counts against Plaintiff were dismissed or withdrawn and, on March 12, 2004,

Plaintiff was acquitted of all the remaining charges.  (Id. ¶¶ 44-45.)


DISCUSSION

Pleading Standard

            In deciding a Rule 12(c) motion, the Court applies the same standard as that

applicable to a Rule 12(b)(6) motion, accepting the allegations contained in the complaint as true

and drawing all reasonable inferences in favor of the nonmoving party.  Burnette v. Carothers,

192 F.3d 52, 56 (2d Cir. 1999).   Specific facts are not necessary so long as the pleading "give[s]

the defendants fair notice of what the claim is and the grounds upon which it rests."  Erickson v.

Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)

and Fed. R. Civ. P. 8(a)(2)).  Nonetheless, a pleader must also "amplify a claim with some

factual allegations in those contexts where such amplification is needed to render the claim

plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007) (citing Bell Atl. Corp., 127 S.

Ct. 1955).  The complaint "must contain specific allegations of fact which indicate a deprivation

of constitutional rights; allegations which are nothing more than broad, simple and conclusory

statements are insufficient to state a claim under § 1983."  Torres v. Mazzuca, 246 F. Supp. 2d

334, 338 (S.D.N.Y. 2003) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.

1987)).

42 U.S.C. § 1983 and State Tort Claims

Plaintiff alleges that he suffered malicious prosecution, abuse of process and false

arrest and, because the arresting and prosecuting officials acted under color of law and violated

his federal constitutional rights, asserts that he has such causes of action under Section 1983.

Plaintiff has, however, failed to state a claim upon which relief may be granted with respect to

any of the three causes of action.

Malicious Prosecution

"Section 1983 liability may be anchored in a claim for malicious prosecution, as

this tort typically implicates constitutional rights secured by the fourteenth amendment, such as

deprivation of liberty." Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994) (internal citations

omitted). The tort also implicates Fourth Amendment rights, namely the right to be free of

unreasonable seizure of the person in the form of restraints on personal liberty. Singer v. Fulton

County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). "A plaintiff asserting a Fourth Amendment

malicious prosecution claim under § 1983 must therefore show some deprivation of liberty

consistent with the concept of 'seizure.' This requirement is necessary to ensure that the § 1983

plaintiff has suffered a harm of constitutional proportions - i.e., a harm cognizable under §

1983." Id. Here, Plaintiff's seven-month pretrial detention constitutes the requisite deprivation

of liberty.

The remaining elements of the Section 1983 malicious prosecution tort are borrowed from state law.  See Cook, 41 F.3d at 79.  In New York, a plaintiff alleging malicious prosecution must show that: (1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice.  See Martin v. City of Albany, 42 N.Y.2d 13, 16 (N.Y. 1977).

The parties dispute principally whether the Plaintiff's Amended Complaint satisfies the third element, probable cause.[3]  Under New York law, a grand jury indictment creates a presumption of probable cause for the purposes of defending against a malicious prosecution claim.[4]  See also Chodkowski v. City of New York, 2007 WL 2717872, *6, 2007 U.S. Dist. LEXIS 67822, *21-*22 (S.D.N.Y. 2007) (dismissing the complaint where Plaintiff was not able to overcome the presumption of probable cause created by the indictment); Barrington v. Johnson, 2006 WL 3457816, *1, 2006 U.S. Dist. LEXIS 86354, *4 (S.D.N.Y. 2006) (same); Milton v. Alvarez, 2005 WL 1705523, *4, 2005 U.S. Dist. LEXIS 14666, *19 (S.D.N.Y. 2005) (same).

Plaintiff alleges in his Amended Complaint that the individual complainants lied to employees of the Bronx District Attorney's Office, that he was indicted by a Bronx County

---

[3]     In its reply brief, Defendant also disputes the first element, arguing that the city did not commence a criminal proceeding against plaintiff.  In the context of a malicious prosecution claim, the commencement of a criminal proceeding is satisfied when the defendant is charged and arraigned.  Cook, 41 F.3d at 79. Defendants acknowledge throughout their briefs that this activity took place, and so this argument must be rejected.

[4]     The Second Circuit has adopted the New York presumption as the relevant Section 1983 standard.  Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000).

grand jury, and that the indictment was the direct and proximate result of false testimony by the individual complainants.  (Am. Comp. ¶¶ 19-20.)  He also alleges that the "false arrest, malicious prosecution and abuse of process" were the product of "[t]he false accusations of criminal actions against [Plaintiff]."  (Id. ¶ 49.)  Thus, on the face of the complaint, Plaintiff has in effect pled, by virtue of his acknowledgement of the grand jury indictment, that there was probable cause for the prosecution.

Plaintiff asserts in his opposition papers, however, that his malicious prosecution claim should not be dismissed because he can rebut the presumption of probable cause with evidence that the indictment was obtained through 1) perjury by non-police witnesses, 2) an inadequate police investigation, and 3) egregious police behavior.  The only one of these grounds for which the current Amended Complaint proffers factual allegations is the first – that the complaining witnesses committed perjury.  Evidence of perjury by civilian witnesses is not, however, sufficient to overcome the probable cause presumption without proof that the prosecuting authorities were complicit in the perjury.  See Jenkins v. City of New York, 1999 WL 782509, *9, 1999 U.S. Dist. LEXIS 15353, *24 (S.D.N.Y. 1999) (finding that perjury committed by non-police witnesses before the grand jury when inculpating the plaintiff was not sufficient to rebut the presumption of probable cause).  No such conduct on the part of the district attorney's office is alleged.  Accordingly, the Amended Complaint fails to state a plausible malicious prosecution claim.

No facts sufficient to make plausible Plaintiff's two other proffered grounds are alleged in the Amended Complaint.  Furthermore, the first of these proffered grounds--failure to make a sufficient pre-indictment investigation of the Plaintiff's alleged culpability--is in any

event legally insufficient to rebut the presumption.  See Colon, 60 N.Y.2d at 83  ("Undoubtedly, further avenues of investigation were open to the police before they relied on circumstantial evidence of the killer's identity, but their failure to pursue the investigation is not the equivalent of fraud or the suppression of evidence."); Jenkins, 1999 WL 782509, *9, 1999 U.S. Dist. LEXIS 15353, *25 ("The defendants' failure to investigate [the Plaintiff's] whereabouts on the night of the murder, and thus their failure to realize that he could not have witnessed the murder, is not the equivalent of fraud or the suppression of evidence.").  Lastly, while bad faith police misconduct could be sufficient to rebut the presumption created by the grand jury indictment, Plaintiff here has alleged no facts whatsoever to suggest this possibility.  Plaintiff has therefore failed to state a malicious prosecution claim.


    Abuse of Process

Plaintiff also claims that he was the victim of abuse of process.  "In the criminal context, malicious abuse of process is by definition a denial of procedural due process. . . . Procedural due process forbids the use of legal process for a wrongful purpose."  Cook, 41 F.3d at 80 (internal citations omitted).  The Second Circuit looks to the New York state tort of abuse of process for the elements of the Section 1983 claim where, as here, the underlying conduct occurred in New York.  Id.

In New York, an abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.  See Curiano v. Suozzi, 63 N.Y.2d 113, 116 (N.Y.

1984).  With respect to the third element of this tort, the New York Court of Appeals has cited

the infliction of economic harm, extortion, blackmail and retribution as examples of the types of

collateral objectives at which the abuse of process tort is aimed.  See Bd. of Educ. v. Farmingdale

Classroom Teachers Ass'n, 38 N.Y.2d 397, 404 (N.Y. 1975).  In his Amended Complaint,

Plaintiff alleges that the abuse of process was caused by the City's continued refusal to

adequately investigate the allegedly false charges made against him by his accusers.  (Am.

Compl. ¶ 58.)  He alleges generally and speculatively that the City used the courts and judicial

process to maliciously "harass, intimidate, inconvenience and further damage" him (id. ¶ 59), and

that Defendant's acts were motivated solely by a desire to harm Mr. Cabble without regard for

Mr. Cabble's well being.  (Id. ¶ 61.)  However, "[u]nder New York law a malicious motive alone

. . . does not give rise to a cause of action for abuse of process.  If one uses the process of the

court for its proper purpose, though there is malice in his heart, there is no abuse of process."

Webster v. City of New York, 333 F. Supp. 2d 184, 208 (S.D.N.Y. 2004)  (internal citations

omitted).

   Notably, Plaintiff does not allege that Defendant engaged in the legal process to

compel performance or forbearance of some act.  Nor does Plaintiff allege that Defendant

engaged in the prosecution in order to obtain a collateral objective that was outside the legitimate

ends of the process.  There is no explicit charge of extortion, blackmail, retribution, or similar

extraneous harmful goal, and no facts plead upon which an inference of such a motive on the part

of the City's agents could reasonably be inferred.  Simply using the word "maliciously" to

describe the City's actions in prosecuting Plaintiff is insufficient to make out a plausible abuse of

process claim.

Plaintiff has thus failed to plead an abuse of process claim on which relief can be granted.

### False Arrest

Plaintiff's third Section 1983 claim is for "false arrest" or "false imprisonment." See Singer, 63 F.3d at 118 ("The common law tort of false arrest is a species of false imprisonment.").

A false arrest claim under the Fourth Amendment as enforced through Section 1983 "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, the elements of a false imprisonment claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. Singer, 63 F.3d at 118.

With respect to the fourth element, a confinement is privileged if the officer had probable cause to arrest the plaintiff. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (finding that probable cause is a complete defense to a false arrest claim). Plaintiff alleges in his Amended Complaint that the City lacked any probable cause to arrest and detain him, and that the arrest resulted in his lengthy incarceration. (Am. Compl. ¶¶ 71-72.) However, Plaintiff also alleges that two complaining witnesses reported to police that Plaintiff had committed a variety of offenses against them, including rape and sexual abuse. (Id. ¶¶ 16-17.)

Where an arrest is based on information received from a civilian complainant, the general rule is that "an arresting officer advised of a crime by a person who claims to be the

victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer, 63 F.3d at 119; see also Miloslavsky v. AES Engineering Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth.").

   "The veracity of citizen complain[an]ts who are the victims of the very crime they report to the police is assumed." Miloslavsky, 808 F. Supp. at 355. Plaintiff fails to allege facts that bring that assumption of veracity into doubt. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti, 124 F.3d at 128. Probable cause does not require an officer to be certain that a subsequent prosecution will be successful, so it is of "no consequence that a more thorough or more probing investigation might have cast doubt upon the situation." Krause v. Bennett, 887 F.2d 362, 371 (2d Cir. 1981). "The law does not require police officers to engage in extensive fact-finding regarding the victim's credibility." Williams v. City of New York, 2003 WL 22434151, *4, 2003 U.S. Dist. LEXIS 19078, *12 (S.D.N.Y. 2003).

   Plaintiff argues that he needs to conduct discovery in order to determine whether or not probable cause existed. Even where factual disputes exist, however, courts have held that a Section 1983 claim may still be dismissed if the plaintiff's own version of events in the Complaint establishes a probable cause basis to arrest. See Jones v. Maples, 2002 WL 287752, *6, 2002 U.S. Dist. LEXIS 3175, *19 (S.D.N.Y. 2002) ("Even where factual disputes exist, a §

1983 claim may fail if the plaintiff's version of events establishes probable cause to arrest."). The version of events described by Plaintiff in his Amended Complaint establishes probable cause because he asserts no factual basis whatsoever for the police to have doubted the complainants' veracity.  See Daniels v. City of New York, 2004 WL 1161231, *2, 2004 U.S. Dist. LEXIS 9361, *5-*6 (S.D.N.Y. 2004) (finding that, if a complaint contains no allegations of any facts known to the officers at the time of plaintiff's arrest that would cast any doubt on the victim's allegations or her general veracity, the complaint on its face establishes that the officers had probable cause to arrest the plaintiff even if plaintiff alleges that the victim was lying to police); Silver v. Kuehbeck, 2005 WL 2990642, *18, 2005 U.S. Dist. LEXIS 26956, *54 (S.D.N.Y. 2005) (granting Defendant's motion to dismiss because "the Complaint does not allege that [the officer] had any reason to question [the alleged victim's] veracity").

For the above reasons, Plaintiff's Amended Complaint is insufficient to plead a viable false arrest claim.

42 U.S.C. § 1983: Municipal Liability

The Amended Complaint must be dismissed for the further reason that it fails to allege facts sufficient to state plausibly a basis for holding New York City, which is the sole remaining defendant in this case, liable for any alleged violation of Plaintiff's federal rights.

In Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court identified several key requisites of a valid Section 1983 claim against a municipality.  First, the plaintiff must implicate the municipality itself.  A municipality cannot be held liable under Section 1983 on a respondeat superior theory.  Monell, 436 U.S. at 691.

"Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 125 (2d Cir. 2004).  "Constitutional torts committed by city employees without official sanction or authority do not typically implicate the municipality in the deprivation of constitutional rights, and therefore the employer-employee relationship is in itself insufficient to establish the necessary causation." Id.

Second, "local governing bodies can be sued . . . where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. . . .  Local governments . . . may also be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691.

Having considered the Amended Complaint in light of these standards, the Court finds it insufficient to state a claim of municipal liability.  The Amended Complaint identifies no official policy statement, ordinance, regulation, decision, or custom, much less does it attribute any of the underlying allegedly tortious conduct to any such policy or custom.  Nor is there any allegation suggesting that any individual in any policy-making capacity made the decision complained of or was deliberately indifferent to the actions of lower-ranking officers.  See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("The inference that a policy exists, may be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those

within its jurisdiction. . . ." ).  The Amended Complaint simply asserts in a conclusory manner that the behavior engaged in by the city was "gratuitous, illegal, improper and unrelated to any activity in which the City may appropriately and legally engage."  (Am. Compl. ¶ 14.)  See McCray v. City of New York, 2007 WL 4352748, *27, 2007 U.S. Dist. LEXIS 90875, *93 (S.D.N.Y. 2007) ("Plaintiffs must provide more than mere conclusory allegations; they must add specific factual support to show the existence of a pattern.").

Elsewhere in the Amended Complaint there are references to the police officers' failure to conduct a more thorough investigation and to the Bronx District Attorney's Office's decision to prosecute.  As to the former, there is no allegation or reason given to believe that any of these officers were policy-makers with final authority on municipal policy.  See Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered.").  As to the latter, Plaintiff's Amended Complaint does not refer to the District Attorney or anyone in a policy-making capacity at the DA's office.

In sum, there are no allegations either directly pleading or even providing a basis for a reasonable inference of the existence of a relevant policy or custom on the part of the City of New York.  Having considered thoroughly the Amended Complaint, construing all non-conclusory allegations as true and drawing all reasonable inferences based on Plaintiff's non-conclusory allegations, the Court grants Defendant's motion for judgment on the pleadings as to Plaintiff's Section 1983 claims, insofar as the motion is based on Plaintiff's failure to plead municipal liability under Monell.

Plaintiff's Section 1985 and 1986 claims

      Plaintiff also brings claims under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights and § 1986 for neglect to prevent conspiracy.  These claims, which are derivative of the Section 1983 claims, are plead insufficiently for substantially the reasons explained in connection with the Section 1983 claims in the foregoing analysis.

Plaintiff's state law claims

      Because the court will dismiss Plaintiff's federal claims, which are the only claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's common law claims for negligence and intentional infliction of emotional distress.  See 28 U.S.C. § 1367(c)(3); Valencia v. Lee, 316 F.3d 299, 307 (2d Cir. 2003).

Application for Leave to Amend Complaint

      In his opposition papers, Plaintiff seeks leave to amend further his complaint in the event Defendant's motion is granted.  This, Plaintiff's first request for leave to amend, is granted.

CONCLUSION

      For the foregoing reasons, Defendants' motion for judgment on the pleadings in its favor is granted, without prejudice to the filing and service of a Second Amended Complaint within 30 (thirty) days from the date of this Memorandum Opinion and Order.  A courtesy copy of any such amended pleading shall be provided for Chambers.

If no amendment is timely served and filed, the Amended Complaint will be dismissed with prejudice and the case will be closed without further advance notice to the parties.

The Clerk of Court is respectfully requested to terminate Docket Entry No. 65.


SO ORDERED.


Dated: New York, New York
       March 30, 2009

LAURA TAYLOR SWAIN
United States District Judge